## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  21 CV

**ERIN A. MAW**

**Plaintiff,**

**v.**

**CITY AND COUNTY OF DENVER, CITY ATTORNEY'S OFFICE**

**Defendant.**

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff Erin A. Maw ("Maw"), for her Complaint, states as follows:

### I. JURISDICITON AND VENUE

1.      This action is authorized and the jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f).

2.      Venue is proper in this Court as the unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the District of Colorado.

### II.   PARTIES

3.       Maw is an over forty, female citizen of the United States and a resident of, and domiciled in, the State of Colorado.

4.      Defendant City and County of Denver ("City") is a Colorado municipal corporation

5.      The City Attorney's Office is a City Department which serves as the legal advisor for all other City departments and represents and defends the City in legal matters.

6.      At all times relevant hereto, the City has employed over 20 employees

### III.   ADMINISTRATIVE PROCEDURES

7.      Within 300 days of the occurrence of the acts complained of below, Maw

1

filed a Charge of Discrimination with the Equal Employment Opportunity Commission claiming that she was discriminated against on the basis of her age, disability status and in retaliation for engaging in a protected activity.

       8.      On or about February 26, 2021, Maw received a "Notice of Right to Sue" from the EEOC.

## IV.    **FACTUAL ALLEGATIONS**

       9.      Maw began employment with the City Attorney's Office on December 5, 2016 as a Paralegal I in the newly created Taxpayer's Protection Unit ("TPU").

       10.     During her first year of employment, Maw was promoted to the position of Paralegal II.

       11.     On January 10, 2017, Maw was diagnosed with a serious medical condition, cancer.

       12.     On December 31, 2017, Maw received an "Exceeds Expectations" rating on her annual review.

       13.     On August 1, 2018, a new Assistant Director, Matthew Muhlbarger ("Muhlbarger") was hired and became one of Maw's direct supervisors.

       14.     On October 5, 2018, a senior attorney to whom Maw reported, Renee Gobel ("Gobel") stated that "I absorb other peoples' energy and I cannot have you around me while you battle your cancer."

       15.     On that same occasion, Gobel stated that she could not be around Maw because she was fanning herself and opening and closing her fists, due to the cancer.

       16.     Maw reported the comments to the Director of Municipal Operations, Deeann Durfee, but to Maw's knowledge, no disciplinary action was taken.

       17.     Instead, in March 2019, Gobel left Maw a voice mail stating that she should take a "managing menopause" course.

       18.     On December 31, 2018, Maw was rated as "Successful" in her annual review.

       19.     When Maw was required to take FMLA leave, Gobel stated to her, "I thought you were in remission.  Why are you taking more time off?"

       20.     During this same time period, Maw was excluded from TPU.

       21.     When Maw reported her concerns about the above comments and her exclusion from the Tax Payer Protection Unit to the Director of Municipal Operations, Durfee, she was

told "Don't worry, it would take me eighteen months to fire you" and did not address her concerns.

22.     In May 2019, Maw requested on multiple occasions to be included in mandatory PEAK training, but received no response from management.

23.     On May 31, 2019, Maw was reprimanded for not attending PEAK training despite her multiple requests to be included.

24.     In November 2019, Maw requested reasonable accommodations for her disability of being allowed to work from home.

25.     Maw was aware that several coworkers in the TPU litigation team had been allowed to work from home and had received laptops and iPads to facilitate such work.

26.     Maw's requested accommodation was denied without explanation and without the employer engaging in any good faith efforts to accommodate her disability.

27.     On November 13, 2019, the Assistant Director Muhlbarger, stated to Maw that she should have "gone away and taken care of her [health] situation and then come back 100%."

28.     On December 5, 2019, Maw's direct supervisor, Janet Valdez ("Valdez") informed her that the Director wanted to ask her oncologist if the sepsis she suffered affected her brain.

29.     On December 11, 2019, Maw was issued a Notice of Contemplation of Discipline and on December 12, 2019 Maw was placed on Investigative Leave for 95 days, twice the time permitted in the Career Service rules.

30.     During a meeting with the Senior Attorney Gobel, Maw stated she believed the Notice of Contemplation of Discipline was issued in retaliation for her prior complaints of discrimination regarding that attorney.

31.     Gobel told Maw that she did not believe her claims of discrimination.

32.     When Maw asked why she did not believe the claims of discrimination when it was she, Gobel, who Maw had complained about regarding the comment about absorbing other people's energy, Goebl told Maw that she would have to prove the statement was made.

33.     When Maw returned to work on March 11, 2020, she was immediately given an evaluation which rated her as "Development Needed", and placed on a Performance Improvement Plan.

34.     Maw also discovered that she had been removed from the TPU, her personal items in her desk were removed, her security badge did not work and several coworkers expressed surprise in seeing her as they had been informed that Maw had quit and walked out.

35.     At the same time, Maw was moved to the Bankruptcy department for which she had no experience.

35.     On April 21, 2020, Maw was given a final warning concerning her performance and had her pay reduced for nine weeks.

36.     On July 17, 2020 Maw was forced to resign her position based upon the ongoing harassment and retaliation to which she was exposed.

## FIRST CLAIM FOR RELIEF
## DISABILITY DISCRIMINAITON

37.     Plaintiff incorporates by reference her prior factual allegations as though set forth and separately herein.

38.     Plaintiff is a disabled person within the meaning of the ADA.

39.     Plaintiff's cancer is a physical impairment which substantially limits one or more major life activities as compared to the general public.

40.     Though Plaintiff suffered from a disabling medical condition at the time of termination, Plaintiff was qualified for her job and capable of performing the essential functions of her position with reasonable accommodations.

41.     At the time of her termination, Plaintiff was also regarded as being disabled by Defendant.

42.     Defendant perceived Plaintiff as being substantially limited in her ability to perform the essential functions of her position, when Plaintiff was not so limited.

43.     Defendant discriminated against Plaintiff because of her actual and/or perceived disability by subjecting to disparate treatment and terminating her employment in violation of the ADA.

44.     The effect of Defendant's discriminatory practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her actual and/or perceived disability.

45.     Defendant's above-described conduct was intentional.

46.     Defendant's above-described conduct was done with malice or reckless indifference to Plaintiff's federally protected rights.

47.     As a direct and proximate result of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages, attorney's fees and costs as permitted by law.

**SECOND CLAIM FOR RELIEF**

**RETAILATION**

48.     Plaintiff incorporates by reference her prior factual allegations as though set forth and separately herein.

49.     Plaintiff engaged in a protected activity when she reported what she believed was discriminatory employment practices to Defendant.

50.     Plaintiff made multiple requests for reasonable accommodations related to her disability during her employment with Defendant.

51.     Defendant retaliated against Plaintiff after she engaged in a protected activity by placing her on a PIP and terminating her employment.  These are consequences that would tend to discourage similarly situated employees from requesting accommodations related to a protected medical condition.

52.     Defendant's above-described conduct was intentional.

53.     Defendant's above-described conduct was done with malice or reckless indifference to Plaintiff's federally protected rights.

54.     As a direct and proximate result of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages, attorney's fees and costs as permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendant and order the following relief as allowed by law:

A.      Compensatory damages, including those for past and future pecuniary and non-pecuniary losses, garden variety emotional distress, pain, inconvenience, mental anguish, and loss of the enjoyment of life;

B.      Punitive damages for all claims as allowed by law;

C.      Attorney's fee and costs of this action;

D.      Pre and post judgment interest at the highest lawful rate;

E.      Such further relief as the Court deems proper and just.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues so triable.


Respectfully submitted this 24th day of May, 2021.


**SCOTT F. REESE, P.C.**

**S/ Scott F. Reese**
Scott F. Reese
795 W. Birch Ct., Suite 100
Louisville, CO 80027
(303) 665-4448
**Attorney for Plaintiff**

Plaintiff's Address:
9318 Pierce Street
Westminster, CO  80021