**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01402-SKC

ERIN A. MAW,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, CITY ATTORNEY'S OFFICE,

Defendants.

**NOTICE OF SETTLEMENT AND UNOPPOSED MOTION FOR STAY OF PENDING DEADLINES**

Defendants the City and County of Denver and the City Attorney's Office (together, the "City"), by and through undersigned counsel, respectfully submits this Notice of Settlement and Unopposed Motion for Stay of Pending Deadlines and states as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel has conferred with counsel for Plaintiff regarding this requested stay of deadlines. Counsel for Plaintiff does *not* oppose the relief requested in this Motion.

1. Plaintiff initiated this action on May 24, 2021. (Doc. 1).

2. Pursuant to the Scheduling Order entered in this matter on September 22, 2021 (Doc. 18), the discovery cut-off date is March 21, 2022 and the dispositive motion deadline is

April 29, 2022. In addition, the City's responses to Plaintiff's First Set of Discovery Requests are due on or before March 4, 2022. The parties have not yet scheduled depositions.

    3.    The parties have reached an agreement to settle all disputes arising from and related to the instant litigation, and are preparing settlement documents at this time.

    4.    The parties' settlement may not, however, be completed until after the passage of the above-referenced deadlines. Specifically, upon her receipt of the settlement agreement, Plaintiff will have 21 days to consider the terms of the agreement, and an additional seven-day period to revoke her acceptance of the agreement, pursuant to the Older Workers Benefit Protection Act. As such, settlement may not be finalized for nearly four weeks.

    5.    The City submits it is in the best interests of the parties and of judicial efficiency to stay the above-referenced deadlines pending the finalization of the parties' settlement. A federal district court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) (quotation omitted); *see also Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("It is well settled the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants.") (internal quotations and citation omitted).

WHEREFORE, the City requests the Court to stay the upcoming pre-trial deadlines in this matter – including the March 21st discovery deadline, the April 29th dispositive motion deadline, and the March 4th deadline by which the City must respond to Plaintiff's discovery requests – pending the finalization of the parties' settlement.

Respectfully submitted this 23rd day of February, 2022.

SHELBY A. FELTON
NATALIA S. BALLINGER

*s/ Natalia S. Ballinger*
Denver City Attorney's Office
201 W. Colfax Avenue, Dept. 1108
Denver, Colorado 80202
(720) 913-3125
E-mail:  natalia.ballinger@denvergov.org
E-mail: shelby.felton@denvergov.org
E-mail: dlefiling.litigation@denvergov.org
*Attorneys for the City*


**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of February, 2022, I electronically filed the foregoing **NOTICE OF SETTLEMENT AND MOTION FOR STAY OF PENDING DEADLINES** with the Clerk of the Court using the CM/ECF system and I mailed and/or emailed a true and correct copy of the same to the following:

SCOTT F. REESE, P.C.
Scott F. Reese
795 W. Birch Ct., Suite 100
Louisville, CO 80027
scott@scottfreese.com
scottfreese@juno.com

                *s/ Cierra Zaragoza*
                Office of the City Attorney